UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
GIOVANNI PATALANO, GELSOMINO
PATALANO and LEONARDO D'ALESSANDRO,

                Plaintiffs,

  - against -

AMERICAN PRESIDENT LINES, INC.,
AKTIESELKABET DAMPSKIBSSELSKABET
SVENBORG (also known as D/A/S SVENBORG),
and DAMPSKIBSSELSKABET AF 1912,
AKTIESLESKAB (also known as Steamship
Company of 1912), WOODLEY MARITIME
CORP., and COSTAMARE SHIPPING COMPANY,
S.A.,

                Defendants.
-----------------------------------------------------------------------x
AMERICAN PRESIDENT LINES, INC.,
AKTIESELKABET DAMPSKIBSSELSKABET
SVENBORG (also known as D/A/S SVENBORG),
and DAMPSKIBSSELSKABET AF 1912,
AKTIESLESKAB (also known as Steamship
Company of 1912), WOODLEY MARITIME
CORP., and COSTAMARE SHIPPING COMPANY,
S.A.,

                Third-Party Plaintiffs,

  - against -

HOWLAND HOOK CONTAINER TERMINAL,
INC.,

                Third-Party Defendant.
-----------------------------------------------------------------------x

**ORDER**

01 CV 4634(NG)(MDG)

GERSHON, J.:

      The motion *in limine* of defendants Woodley Maritime Corp. and Costamare Shipping Company, S.A., is granted, on the ground that the proffered testimony is not relevant under Federal

R. Evid. 402. Plaintiffs seek to introduce the expert testimony of Captain Joseph Ahlstrom to show that defendants' negligent navigation of their ship through inclement weather was the cause of damage to shipping containers which ultimately injured plaintiffs. My prior opinion in this case held that defendants could be liable to plaintiffs for their negligence, pursuant to *Scindia Steam Navigation Co. Ltd. v. De Los Santos*, 451 U.S. 156 (1981). *See Patalano v. American President Lines, Inc.*, 322 F.Supp.2d 293, 298 (E.D.N.Y. 2004) ("*Scindia* did not eliminate a defendant's liability for its own negligence."). However, any negligence in the navigation of the ship would be irrelevant here. Defendants Woodley and Costamare acknowledge in Stipulated Facts of the Pre-Trial Order ("PTO") that: (1) the carrier ship was owned by defendant Woodley and managed by defendant Costamare (PTO ¶ 3); (2) the door hinges to container MAEU 7091355 were damaged while under the control of defendants (PTO ¶ 9); (3) they were aware of the damage to container MAEU 7091355 (PTO ¶ 11); and (4) the door hinges on the container failed on February 8, 2001, when the plaintiffs were injured (PTO ¶ 19). Therefore, under *Scindia*, the central issues are the necessity and adequacy of defendants' warnings regarding the door hinges.

Even if the court deemed Captain Ahlstrom's testimony marginally relevant, exclusion would be necessary because the probative value of Captain Ahlstrom's testimony as to navigational negligence is substantially outweighed by the danger of confusing the jury. *See* Fed. R. Evid. 403. Regardless of whether the jury were to find that defendants negligently operated the ship, defendants would be liable if their warnings were insufficient, and plaintiffs would obtain no greater relief upon a showing of navigational negligence. Thus, the court declines to introduce an issue that will ultimately fail to inform the critical determination to be made. Captain Ahlstrom is therefore

precluded from offering expert testimony on navigational negligence at trial.

                                **SO ORDERED.**

                                ____/s/_____

**Dated: Brooklyn, New York**          **NINA GERSHON**
      **July 20, 2005**                      **United States District Judge**